UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL R. WHIRLWIND HORSE, JR., <br><br> Petitioner, <br><br> vs. <br><br> WARDEN ALEX REYES, MARTY JACKLEY, THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA; <br><br> Respondents. | 4:24-CV-04105-RAL <br><br><br> OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION IN FULL AND DISMISSING PETITIONER'S PETITION WITHOUT PREJUDICE |

Petitioner Michael R. Whirlwind Horse, Jr. filed pro se a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Whirlwind Horse seeks collateral review of a state court judgment of conviction entered on April 11, 2023. Id. at 1. According to his petition, Whirlwind Horse is serving a 10-year sentence with 6 years suspended after pleading guilty to third-degree burglary in violation of SDCL § 22-32-8. Id. Whirlwind Horse did not appeal his conviction or sentence to the Supreme Court of South Dakota. Id. at 2. Whirlwind Horse states that on June 6, 2024, he filed a state habeas petition that had not yet been assigned a civil case number.[1] Id.

---

[1] This § 2254 petition is dated June 3, 2024, and was filed on June 5, 2024. Doc. 1 at 2. Whirlwind Horse's state petition, Whirlwind Horse, Jr. v. Reyes, Lincoln County, 41CIV24-547, was filed on June 7. This Court presumes Whirlwind Horse when he wrote his federal petition had either planned to file a state petition or mailed a state habeas petition and was awaiting notification from the state court of its receipt.

1

Whirlwind Horse seeks to attack his judgment of conviction, alleging violations of his Fifth, Eighth, Sixth, and Fourteenth Amendment rights. Doc. 1 at 5-8. The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and the District of South Dakota's Civil Local Rule of Practice 72.1.A.2(b), which designates to the magistrate judge the duty to prepare proposed findings and recommendations for the disposition of habeas petitions. Magistrate Judge Veronica L. Duffy screened the petition and issued a report and recommendation that Whirlwind Horse's § 2254 petition be dismissed without prejudice because he has not exhausted his claims in state court. Doc. 4. Whirlwind Horse timely filed Objections to the Report and Recommendation. Doc. 16. This Court reviewed the case de novo, and for the reasons explained below, overrules Whirlwind Horse's objections and adopts the report and recommendation in full.

## I. Discussion

### A. Standard of Review

This Court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636(b)(1). When a party objects to a magistrate judge's report and recommendation, a district court judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. This Court adopts the recommendations in full and briefly addresses issues raised in Whirlwind Horse's objections.

### B. Whirlwind Horse Has Not Exhausted His Claims

Section 2254 of Title 28 allows a state inmate to attack collaterally in federal court his conviction and sentence as contrary to the United States Constitution after exhausting

2

Constitution-based claims through available state courts. "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). For a claim to be exhausted, the petitioner must present the claim in a federal constitutional context and afford "the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993). A federal court may entertain unexhausted claims if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).

None of Whirlwind Horse's claims are exhausted because he filed his § 2254 petition prior to affording the state courts an opportunity to review his claims. He did not directly appeal his judgment of conviction, and only recently filed his state habeas application which remains pending with the state circuit court. Whirlwind Horse has not shown circumstances exist that render the state's processes ineffective to protect his rights. Whirlwind Horse states that he "filed numerous postconviction pleadings on top of the state court habeas petition, and the Lincoln County Court creates an extraordinary circumstances [sic] to refuse to hear and rule on these." Id. Whirlwind Horse does not explain the circumstances, and by filing his federal petition either before or concurrent with his state petition, he has not allowed the state courts enough time to consider and potentially correct any claimed constitutional error underlying his state conviction.

Whirlwind Horse objects to Magistrate Judge Duffy's recommendation that his federal petition should be dismissed for failing to exhaust, arguing his federal petition is a "protective petition" that this Court should stay during the pendency of his state proceeding. Doc. 16 at 4. Whirlwind Horse also objects to the Magistrate Judge Duffy's recommendation because it "failed to make a decision whether equitable tolling" applies. Id. at 6. Whirlwind Horse's application

3

does not require equitable tolling or stay and abeyance because the time to file a federal petition is statutorily tolled during the pendency of his state habeas application. Pursuant to 28 U.S.C. § 2244(d), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Thus, Whirlwind Horse's time to file a federal habeas petition is tolled during the pendency of his state habeas petition, and he has no need for a "protective petition" or stay of his petition. See Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005). The Supreme Court in Rhines v. Weber, instructed district courts that "stay and abeyance should be available only in limited circumstances" when the district court "determines there was good cause for the petitioner's failure to exhaust his claims first in state court." 544 U.S. 269, 277 (2005). Whirlwind Horse has not shown good cause for failing to exhaust, and the circumstances are not appropriate here.

### C. Certificate of Appealability

When, as here, a district court denies a § 2254 motion, the movant may not appeal without a certificate of appealability. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). District courts cannot issue a certificate of appealability unless the movant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" means a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id. This Court declines to issue a

certificate of appealability because Whirlwind Horse has not shown that the procedural bars present here are debatable.

## II.     Conclusion

For the reasons stated above, it is hereby

ORDERED that the Magistrate Judge's Report and Recommendation, Doc. 4, is adopted in full. It is further

ORDERED that Whirlwind Horse's Objection, Doc. 16, is overruled.

DATED this 18th day of November, 2024.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

5